UNION TRUST COMPANY, EX. & TR. *vs.* GEORGE W. RICHARDSON *et al.*

MAY 29, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is a bill in equity brought by the Union Trust Company as executor and trustee under the will

of Stephen I. Peck, late of the city of Providence, deceased, for the construction of the third and fourth clauses of that will. All necessary parties that are made respondents filed answers and therein joined in the prayer of the bill. No interests of minors or of persons not in being are involved. The cause being ready for hearing for final decree was duly certified to this court for determination in accordance with general laws 1938, chapter 545, §7.

The will was executed on March 12, 1929, and a codicil thereto was executed April 11, 1931. The testator died January 27, 1943. Louis D. Richardson, a legatee under the will, predeceased the testator on April 2, 1942, leaving as his only surviving issue George W. Richardson and Louis D. Richardson, Jr., who are also legatees under the will. The residue of the estate, after certain other bequests, is devised and bequeathed by the will to the complainant, in trust for the respondents Rhode Island Society for the Prevention of Cruelty to Children, a Rhode Island corporation, and the Salvation Army, a New York corporation. The complainant was also named sole executor of the will.

The clauses of the will, which we are asked to construe, read as follows: "Third: To my friend Louis D. Richardson, of said City of Providence, I give and bequeath the sum of ten thousand dollars ($10,000). Fourth: To each of the two sons of said Louis D. Richardson, namely, George W. Richardson and Louis D. Richardson, Jr., I give and bequeath the sum of one thousand dollars ($1,000)."

The parties seek our answer to the following questions: 1. Did the legacy to the said Louis D. Richardson under the third clause of said will lapse by reason of his death prior to that of the testator? 2. If said legacy did not lapse, did it become payable under the provisions of §30 of chapter 566 of the general laws of Rhode Island in equal shares to the respondents George W. Richardson and Louis D. Richardson, Jr., as the surviving issue of said Louis D. Richardson?

It is admitted by all parties that at common law the legacy to Louis D. Richardson would have lapsed upon his

decease prior to that of the testator. They also admit that this rule of the common law was changed by statute in this state, which change first appears in Rhode Island Digest of 1798, at page 282. The statute last appeared in its original form, as amended from time to time, in Pub. Stat. 1882, chap. 182, sec. 14. In 1890 the legislature undertook a real and complete revision of all our statutes and, acting through a committee of its own choice under its immediate direction and control, it finally enacted our general laws of 1896, wherein all statutes theretofore in force as public statutes of Rhode Island 1882, were specifically repealed by reference to the various titles and chapters thereof, which included the title and chapter of the statute involved in this cause.

General laws 1896, chap. 203, sec. 31, appeared without material change as G. L. 1923, chap. 298, sec. 31. At the time this will and codicil were executed, sec. 31 read as follows: "When any person to whom any real or personal estate shall be devised or bequeathed for any estate or interest not determinable at or before the death of such person, shall die in the lifetime of the testator, leaving issue, and any such issue of such person shall be living at the time of the death of the testator, such devise or bequest shall not lapse, but shall take effect and operate as a devise or bequest from such testator to such issue, in such proportions as the estate of such devisee or legatee would go to them had he died intestate immediately after the death of the testator, unless a contrary intention shall appear by the will." This section is now G. L. 1938, chap. 566, §30.

It is presumed that the testator made the will in view of the statute, and that he intended to have the statute prevail unless the contrary appears. *Missionary Society* v. *Pell*, 14 R. I. 456, 458; *Bullard* v. *Redwood Library*, 37 R. I. 107, 112. The statute was intended to supplement the will and not to defeat it; therefore, the statute will control unless it is inconsistent with the will to have it control. See *Hazard* v. *Gushee*, 35 R. I. 438. The determinative question in this cause is whether the testator shows an intention by his will

that the legacy to Louis D. Richardson shall lapse if the latter predeceased the testator, thereby excluding the issue of said Richardson living at the time of the death of the testator from taking such legacy under the statute. If this was the intention of the testator as shown by his will, then the statute does not apply, according to its express terms.

A careful examination of the will and codicil fails to disclose to us an intention that the legacy to Louis D. Richardson should lapse if he did not survive the testator. The respondents contend, however, that this legacy was purely personal and therefore was intended to lapse in case Richardson predeceased the testator. They argue that the mere making of further legacies to Richardson's two sons shows an intention to thereby limit the sons' benefits under the will to such legacies. We cannot adopt the conclusion so drawn.

The mere fact that the testator gave a legacy to Louis D. Richardson and separate legacies to his two sons is not in itself sufficient to show that the testator intended to make a purely personal gift to the father. There is no language in the will and codicil, which, expressly or by clear implication, shows such intention. The legacies to the father and to the sons were, most probably, the tangible expression of the affection and esteem that the testator had for these three persons both individually and as a family group. In *Missionary Society* v. *Pell, supra,* at page 458, this court said: "The fact that legacies are prompted by a personal regard for the legatees is not at all inconsistent with an intent to have them go to the descendants of the legatees in case the legatees themselves die before the testator." We see no reason to hold otherwise in the circumstances of the instant case.

Our answer to the first question submitted to us in this cause is that the legacy to Louis D. Richardson under clause third of the will of Stephen I. Peck did not lapse by reason of Richardson's death prior to that of the testator; and, to the second question, our answer is that such legacy is pay-

able, under the provisions of G. L. 1938, chap. 566, §30, in equal shares to the respondents, George W. Richardson and Louis D. Richardson, Jr., as the surviving issue of Louis D. Richardson.

On June 5, 1944, the parties may present to this court for approval a form of decree, in accordance with this opinion, to be entered in the superior court.

*Haslam, Arnold & Sumpter, Erving T. Arnold,* for complainant.

*Stockwell, Chace & Yatman, Ellis L. Yatman,* for respondents George W. Richardson and Louis D. Richardson, Jr.

*Roger L. McCarthy* for respondents R. I. Society for the Prevention of Cruelty to Children and the Salvation Army.

*John H. Nolan,* Atty Gen., *Archie Smith,* Asst. Atty. Gen., for State.